# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| PROLIANT, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SAVANT HCM, LLC )<br>)<br>Defendant. ) | CIVIL ACTION<br><br>FILE NO. |

## COMPLAINT FOR VIOLATION OF THE LANHAM ACT

### I.

### JURISDICTION AND VENUE

1. This Court has jurisdiction of the subject matter of this action federal question jurisdiction, pursuant to 28 U.S.C. §1331.

2. This Court has supplemental jurisdiction over Plaintiff's state laws claim pursuant to 28 U.S.C. §1367(a).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and (d) in that Defendant or its agents may be found in this district and

a substantial number of the acts or omissions giving rise to Plaintiff's claim occurred in this district.

## PARTIES

4. Plaintiff Proliant, Inc., is a payroll company with its principal offices located at 1100 Abernathy Road NE, Suite 1000, Atlanta, Georgia 30328.

5. Defendant Savant HCM, LLC is a Delaware limited liability company, and a citizen of Delaware with its principal place of business located in that state, and whose registered agent is Allstate Corporate Services Corp. located at 9 E. Loockerman Street, Suite 311, Dover, Kent County, Delaware 19901.

6. Defendant has published advertisements, including the internet advertisement giving rise to this action, in this District.

## II.

## FACTS

7. Proliant operates an online payroll processing and human resources compliance service via its website, http://www.proliant.com/.

8. Savant operates an online payroll processing service via its website, https://www.savanthcm.com/.

2

{A0097415.DOC}

9. Savant is a direct competitor of Proliant.

10. Savant has published on its website a false, deceptive, and misleading comparative ad (the "Comparative Ad") which improperly makes a "superiority claim." A true and correct copy (screen capture) of the Comparative Ad is attached hereto as Exhibit A and incorporated herein by this reference.

11. The Comparative Ad creates a net impression of Savant's superiority to Proliant deceptively and by falsely giving the impression that Savant's services cost less than Proliant's services.

12. The Comparative Ad is deceptive in that it does not provide complete information regarding the total costs of Savant's payroll services as compared to Proliant's costs for Proliant's payroll services.

13. The Comparative Ad contains a substantial portion, but not all, of a particular pricing structure being used by Proliant, but is inaccurate and deceptive regarding pricing data presented by Savant, specifically: Savant's pricing data for "Base Charge", "Per Employee" and "TOTAL PROCESS COST PER PAYROLL" are deliberately deleted thereby preventing an "apples to apples" comparison of Savant's and Proliant's pricing information.

**III.**

## COUNT I
## VIOLATION OF LA-NHAM ACT

14. Savant has made and distributed in interstate commerce and in this district the described website advertisement consisting of false and misleading statements of facts regarding its online service. The advertisement contains false statements, specifically including: (1) information creating the net impression that Savant's services are superior to that of Proliant because of the disparity in pricing or because Savant's services are lower priced for the same services, (2) information overstating individual costs associated with certain aspects of Proliant's services, in a manner that will deceive clients and potential clients into believing that Proliant's services are more expensive that than they actually are.

15. Savant's statements actually deceive, or have a tendency to deceive, substantial a segment of Proliant's customers and potential customers.

16. This deception is material in that it creates the false net impression that Proliant charges more than Proliant for substantially similar services, and this deception is likely to influence the purchasing decisions of Proliant's customers and potential customers.

17. Savant's false and misleading advertising statements and omissions injure both Proliant and its clients and potential clients.

18. Savant's false and misleading advertising statements and omissions violate §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

19. Savant has caused, and will continue to cause, immediate and irreparable injury to Proliant, including to Proliant's business, reputation and good will, for which there is no adequate remedy at law.

20. Proliant is entitled to an injunction under 15 U.S.C. §1116 restraining Savant and its agents, employees, representatives and all persons acting in concert with or on behalf of any of the foregoing from engaging in future acts of false advertising, and further ordering removal of all of Savant's false advertisements.

21. Pursuant to 15 U.S.C. §1117, Proliant is entitled to recover from Savant the damages sustained by Proliant as a result of Savant's acts in violation of 15 U.S.C. §1125(a), in such amounts that may be shown at trial.

22. Pursuant to 15 U.S.C. §1117, Proliant is entitled to recover from Savant gains, profits and advantages that Savant has obtained as a result of Savant's acts in violation of 15 U.S.C. §1125(a), in such amounts that may be shown at trial.

23. Pursuant to 15 U.S.C. §1117, Proliant is further entitled to recover the costs of this action, including expenses and legal fees incurred, because Savant's

conduct was undertaken willfully and with the intention of causing confusion, mistake and deception, making this an exceptional case, entitling Proliant to recover additional damages and reasonable attorneys' fees.

## COUNT II

## VIOLATION OF THE GEORGIA UNIFORM DECEPTIVE TRADE PRACTICES ACT

24. Paragraphs 1-23 are incorporated by reference as if fully set forth herein.

25. Savant's deceptive advertising as described above violates the Georgia Uniform Deceptive Trade Practices Act specifically O.C.G.A. §10-1-372, Paragraphs (5), (8), (10).

26. Proliant is a person likely to be damaged (and actually damaged) by Savant's deceptive trade practices within the meaning of O.C.G.A. §10-1-373(a), entitling Proliant to injunctive relief precluding further such deceptive advertising by Savant.

27. Proliant is entitled to recover costs in bringing this action pursuant to O.C.G.A. §10-1-373(b).

{A0097415.DOC}

28. Savant's publication of this deceptive advertisement was willful and known to be deceptive, entitling Proliant to recover attorneys fees incurred in bringing this action pursuant to O.C.G.A. §10-1-373(b)(2).

29. Savant's deceptive advertising as described above constitutes a violation of O.C.G.A. §10-1-421.

**WHEREFORE,** Plaintiff prays for judgment against Defendant Savant as follows:

1) for preliminary and permanent injunctive relief prohibiting Savant, its agents, or anyone working for, with or in concert with, or on behalf of, Savant from engaging in false or misleading advertising purporting to compare the pricing structure of Proliant and Savant, in a manner that is factually incorrect and misleading.

2) for preliminary and permanent injunctive relief prohibiting Savant, its agents, or anyone working for, with or in concert with, or on behalf of, Savant from engaging in false or misleading advertising purporting to represent that Proliant's products and Savant's products are equivalent.

3) for preliminary and permanent injunctive relief prohibiting Savant, its agents, or anyone working for, with or in concert with, or on behalf of, Savant

from engaging in false or misleading advertising purporting to claim that Proliant charges more for substantially identical product to those offered by Savant.

4) for an Order requiring Savant to correct any erroneous impression which may have been created by or derived from the nature, characteristics or qualities of the Comparative Ad, including, without limitation, placement of corrective advertising and providing written notice to clients and the public.

5) that Savant be adjudged to have violated 15 U.S.C. §1125(a) by unfairly competing against Proliant by using false, deceptive or misleading statements of fact that misrepresent the nature, quality and characteristics of Proliant's products.

6) That Savant be adjudged to have violated the Georgia Uniform Deceptive Trade Practices Act and to have thereby injured Proliant by using deceptive representations in connection with its goods and services.

7) That Savant be preliminarily and permanently enjoined from using or publishing advertising referring to Proliant's regarding Proliant's pricing structure.

8) That Proliant be awarded all damages Proliant has sustained as a result of Savant's conduct.

9) That Proliant be awarded all profits sustained by Savant as a consequence of its wrongful acts as described herein.

10) That Proliant be awarded exemplary damages in an amount determined at trial.

11) That Proliant recover post judgment interest, costs and attorneys' fees.

12) That this Court award such other and further relief as it deems just and proper in the circumstances.

This 30th day of June 2017.

        Respectfully submitted,

        **JONES & HALEY, P.C.**

        By:   <u>/s/J. William Haley</u>
                J. William Haley
                Georgia Bar No.: 317825
                Attorney for Proliant, Inc.

115 Perimeter Center Place
South Terraces, Suite 170
Atlanta, Georgia 30346-1238
Telephone:(770) 804-0500
Facsimile: (770) 804-0509

# EXHIBIT A

# SAVANT

**Savant HCM** set out to create an efficient, simplistic payroll platform that is user friendly to both employers and employees. Part of our focus was to ensure our clients understand what they are paying for and only pay for services they need. Other payroll companies will promote aggressive fees on Per Check and W2's to grab your attention.

Then issue you a proposal outlining a list of additional fees; why?

## THEM

| Payroll | Quantity | Rate | | Base | Total |
|---|---|---|---|---|---|
| Process Fee | 85 | $1.22 | per check ($20.00 minimum) | $8.00 | $111.70 |
| Tax Remit | 1 | $11.00 | | $- | $11.00 |
| Direct Deposit | 36 | $0.20 | per account | $12.00 | $19.20 |
| Check Signing | 1 | $5.00 | | $- | $5.00 |
| Check Stuffing | 85 | $0.08 | per check ($5.00 minimum) | $- | $6.80 |
| Positive Pay | 49 | $0.35 | per check | $10.00 | $27.15 |
| New Hire Reporting (Flat) | 1 | $5.00 | | $- | $5.00 |
| Employee Self-Service | 36 | $0.46 | per employee | $- | $16.56 |
| Third Party Payments | 1 | $3.00 | Proliant sends checks | $- | $3.00 |
| WOTC Administration | 1 | $15.00 | | $- | $15.00 |
| Fedex 2nd Day-PM | | | | | |
| | | | | **Total:** | **$205** |

## SAVANT HCM

| Payroll Suite | | | | Per Processing Fee |
|---|---|---|---|---|
| Base Charge | $xxx | FEIN #: | | $xxx |
| Per Employee Pay | $xxx | | | $xxx |
| Check Printing, Signing and Sealing | | | | Included |
| Direct Deposit / Pay card | | | | Included |
| Online Payroll Platform | | | | Included |
| Quarter End Processing | | | | Included |
| Employee Self Service | | | | Included |
| New Hire Reporting | | | | Included |
| Notice Resolution | | | | Included |
| 401K Transmission | | | | Included |
| Tax Payments and Filings | | | | Included |
| G/L Interface | | | | Included |
| 401k Transmission | | | | Included |
| Positive Pay File Service | | | | Included |
| Delivery Charge | | # of Location | | |
| **TOTAL PROCESS COST PER PAYROLL** | | | | **$xxx** |